WHITE, Circuit Judge
(dissenting).
I respectfully dissent. Defendants filed their motion to dismiss for lack of jurisdiction early on — in lieu of an answer. It is clear from Palnik’s response to defendants’ motion to dismiss that he maintained that defendants “knowingly and purposefully,” “through distributors or otherwise,” distributed and sold substantial copies of the movie in Ohio. Palnik’s response to defendants’ motion to dismiss referenced his complaint’s allegations and asserted the need for discovery. Palnik argued that “responding to Defendants’ general attacks on jurisdiction would require discovery into Defendants’ business and distribution relationships,” and that if the district court were to decide not to deny defendants’ motion, the court should “defer resolution of the jurisdiction issue until trial because the jurisdictional facts are inextricably intertwined with the merits of this case.”
Under these circumstances, the district court should have read the complaint’s allegations, which included that defendants are producers and/or distributors of the infringing work, and that “Defendants have offered for sale and rental, and have distributed and continue to distribute, through sale, rental or otherwise, substantial numbers of copies of the Infringing Work ... in the Southern District of Ohio,” as broad enough to encompass the claim that defendants themselves, through distributors, purposefully sold the movie in Ohio. I would vacate the grant of defendants’ motion to dismiss and remand for further proceedings.